Thomas A. Martin, Esq.
PUTNEY, TWOMBLY, HALL & HIRSON LLP
521 Fifth Avenue
New York, New York 10175
(212) 682-0020
*Attorneys for Defendant*
*Travelers Casualty Insurance Company of America*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x

SHOP 360 CORP.,

                    Plaintiff,

   - against -

TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA,

                    Defendant.

-----------------------------------------------------------------x

Civil Action No.: 17-CV-05830 (JFB)(AKT)

**ANSWER**

Defendant Travelers Casualty Insurance Company of America ("Travelers"), by its attorneys, Putney, Twombly, Hall & Hirson LLP, as and for its Answer to the Complaint ("Complaint") of Shop 360 Corp. ("Shop 360") respectfully states upon information and belief as follows:

    1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint.

    2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Complaint.

    3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint.

    4.    Admits the allegations contained in paragraph "4" of the Complaint.

5. Admits the allegations contained in paragraph "5" of the Complaint.

6. Denies as phrased the allegations contained in paragraph "6" of the Complaint except admits that Travelers issued Policy Number 680-7D530340 to Shop 360 (the "Policy") and respectfully refers the Court to the contents of the original policy for its terms.

7. Denies as phrased the allegations contained in paragraph "7" of the Complaint except admits that Travelers issued Policy Number 680-7D530340 to Shop 360 and respectfully refers the Court to the contents of the original policy for its terms.

## ANSWERING THE FIRST CAUSE OF ACTION

8. In response to paragraph "8" of the Complaint, Travelers repeats and realleges its responses to paragraphs "1" through "7" of the Complaint as if set forth more fully at length herein.

9. Denies as phrased the allegations contained in paragraph "9" of the Complaint except admits that Travelers issued Policy Number 680-7D530340 to Shop 360 and respectfully refers the Court to the contents of the original policy for its terms.

10. Denies the allegations contained in paragraph "10" of the Complaint and respectfully refers all questions of law to the Court.

11. Denies as phrased the allegations contained in paragraph "11" of the Complaint except admits that Plaintiff has sought coverage under the Policy.

12. Denies as phrased the allegations contained in paragraph "12" of the Complaint except admits that Travelers has not made payment for the described loss.

13. Denies the allegations contained in paragraph "13" of the Complaint.

14. Denies the allegations contained in paragraph "14" of the Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

15. In response to paragraph "15" of the Complaint, Travelers repeats and realleges its responses to paragraphs "1" through "14" of the Complaint as if set forth more fully at length herein.

16. Denies the allegations contained in paragraph "16" of the Complaint.

17. Denies as phrased the allegations contained in paragraph "17" of the Complaint except admits that Travelers issued Policy Number 680-7D530340 to Shop 360 and respectfully refers the Court to the contents of the original policy for its terms.

18. Denies as phrased the allegations contained in paragraph "18" of the Complaint except admits that Plaintiff has sought coverage under the Policy.

19. Denies as phrased the allegations contained in paragraph "19" of the Complaint except admits that Travelers has not made payment for the described loss.

20. Denies the allegations contained in paragraph "20" of the Complaint.

21. Denies the allegations contained in paragraph "21" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

22. The claims of Plaintiff fail to state a cause of action against Travelers upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

23. The claims of Plaintiff are barred by the doctrine of laches, waiver and estoppel.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

24. The Plaintiff failed to provide Travelers with notice of the alleged accident

as soon as possible, as required by any applicable Travelers insurance policy.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

25. The claims asserted in the Complaint against Travelers are barred, in whole or in part, by the terms of the insuring agreement(s) conditions, definitions, limits of liability and exclusions contained in the Policy or any other policy issued by Travelers or any other affiliated entity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

26. No coverage is available with respect to the Plaintiff which is not a named insured, additional named insured or which cannot qualify as an insured under the Policy.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

27. The Complaint does not describe the claims made with sufficient particularity to allow this answering defendant to determine such other defenses it may have in response to Plaintiff's claim and/or causes of action. Travelers therefore reserves the right to assert any and all defenses (Travelers Policy based or otherwise) which may be pertinent to Plaintiff's claims and/or causes of action once the precise nature of the claims and/or causes of action are ascertained.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

28. Plaintiff's claims should be dismissed based on defenses founded upon documentary evidence.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

29. Plaintiff's claims should be dismissed based on lack of standing.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

30. Any coverage afforded by the Policy or any relevant policy of insurance issued by Travelers or any other related or affiliated entity that could be applicable to this claim would be subject to any and all deductibles, retained limits, retentions, self insured retention and/or limits as stated in the Policy or in any other such policies.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

31. If any damages are recoverable against the defendant, then the amount of such damages shall be diminished by the amount of the funds that the Plaintiff has or shall receive from a collateral source including but not limited to those recovered in connection with other claims related to the loss referred to in the Complaint.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

32. If any claim is covered under the Policy and is also covered, in whole or in part under any policy of insurance, such other insurance provided, co-insurance and the policy shall supply only its share of any defense and indemnity obligations.

WHEREFORE, Travelers demands judgment: (1) dismissing the Complaint against Travelers with prejudice, together with reasonable attorneys' fees and costs; and (2) granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
October 13, 2017

PUTNEY, TWOMBLY, HALL & HIRSON LLP

By: _____
Thomas A. Martin
521 Fifth Avenue
New York, New York 10175
(212) 682-0020
*Attorneys for Defendant Travelers Casualty*

*Insurance Company*

TO:   Mitchell J. Winn, Esq.
        LAW OFFICE OF MITCHELL J. WINN
        585 Stewart Avenue, Suite 544
        Garden City, New York 11530
        (516) 385-6300
        *Attorneys for Plaintiff*